UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NANCY H.,

**DECISION**
**and**
**ORDER**

                          Plaintiff,
              v.

ANDREW M. SAUL,[1] Commissioner of
   Social Security,

**19-CV-1267F**
(**consent**)

                          Defendant.

_____

APPEARANCES:       LACHMAN & GORTON
                   Attorneys for Plaintiff
                   PETER A. GORTON, of Counsel
                   1500 East Main Street
                   P.O. Box 89
                   Endicott, New York  13760

                   JAMES P. KENNEDY, JR.
                   UNITED STATES ATTORNEY
                   Attorney for Defendant
                   Federal Centre
                   138 Delaware Avenue
                   Buffalo, New York  14202
                             and
                   JOHN P. FOX, and
                   NICOL FITZHUGH
                   Special Assistant United States Attorneys, of Counsel
                   Social Security Administration
                   Office of General Counsel
                   601 East 12th Street
                   Room 965
                   Kansas City, Missouri  64106

## JURISDICTION

On October 14, 2020, the parties to this action, consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 13).  The matter is presently before

_____

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

the court on motions for judgment on the pleadings filed by Plaintiff on March 13, 2020

(Dkt. 9), and by Defendant on May 12, 2020 (Dkt. 11).

## BACKGROUND

Plaintiff Nancy H. ("Plaintiff"), brings this action under Title II of the Social

Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the

Commissioner of Social Security's final decision denying Plaintiff's applications initially

filed with the Social Security Administration ("SSA"), on October 6, 2014, for Social

Security Disability Insurance ("SSDI") under Title II of the Act, AR[2] at 245-58, alleging

she became disabled on June 5, 2014, based on restless leg syndrome, depression,

acid reflux, and Arnold Chiari malformation ("Chiari malformation").[3]  AR at 272.

Plaintiff's SSDI application initially was denied on February 10, 2015, AR at 159-70, and

on June 9, 2016, an administrative hearing was held before administrative law judge

Michael Carr ("ALJ Carr"), AR at 130-58, who, on August 1, 2016, issued an

unfavorable decision ("ALJ Carr's decision"), AR at 112-29, for which the Appeals

Council initially denied Plaintiff's timely request for review on September 25, 2017, AR

at 96-99, and again on October 31, 2017, upon consideration of new evidence

submitted by Plaintiff, AR at 1-4, rendering ALJ Carr's decision the Commissioner's final

decision at that time.  On November 10, 2017, Plaintiff commenced an action in this

---

[2] References to "AR" are to the CM/ECF-generated page numbers of the Administrative Record electronically filed by Defendant on December 17, 2019, in five parts.  (Dkts 6 through 6-4).
[3] "Chiari malformation" refers to a structural defect in the base of the skull in which part of the cerebellum extends into the upper spinal canal.  *See* National Institute of Neurological Disorders and Stroke Chiari Malformation Fact Sheet, *available at* https://www.ninds.nih.gov/Disorders/Patient-Caregiver-Eduction /Fact-Sheets/Chiari-Malformation-Fact-Sheet (*last accessed* Mar. 29, 2021).

court seeking review of ALJ Carr's Decision.  *Hill v. Berryhill*, 17-CV-6770 (W.D.N.Y)

("the first action").

Meanwhile, on January 19, 2017, Plaintiff filed an application for Supplemental

Security Income ("SSI") under Title XVI of the Act, AR at 1468-74, and on December 28,

2017, filed a second application for SSDI, AR at 1475-84 (together, "disability benefits"),

asserting disability based on a brain aneurism discovered in 2014, sleep apnea,

degenerative disc disease, anxiety attacks, depression, Chiari malformation, stage 3

chronic kidney disease, high cholesterol, osteoarthritis, fatty liver disease, and

worsening memory problems.  AR at 1494, 1534.  In a Decision and Order issued

October 11, 2018, District Judge Michael A. Telesca remanded the first action for further

administrative proceedings.  *Hill v. Berryhill*, 2018 WL 4927216 (W.D.N.Y. Oct. 11,

2018).

Upon remand, the matter was assigned to ALJ David Romeo ("ALJ Romeo"),

who, at the direction of the Appeals Council, consolidated the later disability benefits

claims with Plaintiff's initial claim filed October 6, 2014.  AR at 1111.  On June 21, 2019,

a second administrative hearing, held via videoconference, was conducted by ALJ

Romeo, located in Syracuse, New York.  AR at 1138-73.  Appearing and testifying at

the hearing in Horseheads, New York, were Plaintiff, represented by Dorollo Nixon,

Esq., and impartial vocational expert Josiah L. Pearson ("the VE").  On July 2, 2019,

ALJ Romeo issued an unfavorable decision.  AR at 1108-37 ("ALJ Romeo's decision").

On September 18, 2019, Plaintiff commenced the instant action challenging ALJ

Romeo's decision.

On March 13, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 9) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of the Plaintiff's Motion for Judgment on the Pleadings (Dkt. 9-1) ("Plaintiff's Memorandum").  On May 12, 2020, Defendant moved for judgment on the pleadings (Dkt. 11) ("Defendant's Motion"), attaching Commissioner's Brief in Response to Local Rule 5.5 for Social Security Cases (Dkt. 11-1) ("Defendant's Memorandum").  Filed on May 14, 2020, was Plaintiff's Reply Brief (Dkt. 12) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.


**FACTS**[4]

Plaintiff Nancy H. ("Plaintiff"), born June 27, 1967, was 46 as of her alleged disability onset date ("DOD") of June 5, 2014, AR at 1111, 1468, 1475, 1511, and 52 years old as of July 2, 2019, the date of ALJ Romeo's Decision.  AR at 1129.  Plaintiff has five adult children but lives by herself in a trailer and takes care of her two pet dogs and one cat.  AR at 1157, 1165, 1204, 1546-47.  Plaintiff graduated high school where she took regular classes, and attended college for two years, obtaining an Associate's degree.  AR at 1147-48, 1495, 1535.  Plaintiff is able to go outside by herself and has a driver's license but does not drive because she maintains her doctor does not want her to drive because of memory issues, and for transportation either relies on others for rides or uses public transportation.  AR at 1549.  Plaintiff shops in stores for groceries

---

[4] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

and household items once or twice a month.  AR at 1549.  Plaintiff can handle her finances, and her hobbies include photography, crocheting, reading, walking, watching movies, and playing games on her tablet.  AR at 1550.  Plaintiff's past relevant work ("PRW") includes jobs in data entry, as a cashier, in housekeeping, as a billing assistant, and as a social welfare examiner.  AR at 1495, 1535.

Plaintiff's obtains primary care through Guthrie – Southport Family Practice where her primary care physician is Heidi Hodder, D.O. ("Dr. Hodder").  AR at 371-87.  It is undisputed that Plaintiff suffers from several mental health and physical impairments and on August 8, 2014, underwent surgical decompression by neurosurgeon David C.Y. Kung, M.D. ("Dr. Kung"), to address her Chiari malformation.  AR at 470-71.  Several of Plaintiff's treating physicians rendered medical opinions with regard to Plaintiff's various impairments including neurosurgeons Lee Guterman, M.D. ("Dr. Guterman"), AR at 587 (January 28, 2015), AR 1044-45, 1046-47, 1049 (February 11, 2015), and Khalid Sethi, M.D. ("Dr. Sethi"), AR at 1073-83 (December 16, 2015), nurse practitioner Sherrie Adler-Gribble, N.P.  ("NP Adler-Gribble"), who treated Plaintiff for migraines, AR at 1088-90 (April 13, 2016), neurologist Yahia Lodi, M.D. ("Dr. Lodi"), who followed Plaintiff's left para-opthalmic artery aneurysm discovered in 2014, AR at 39-41 (September 28, 2016), neurologist Colleen Tomcik, M.D. ("Dr. Tomcik"), who treated Plaintiff for migraines, AR 2466-69 (February 22, 2017), neurologist Michael Meyer, M.D. ("Dr. Meyer"), who followed Plaintiff's Chiari malformation, AR at 3816-30 (May 31, 2018), and psychiatrist John Deines, M.D. ("Dr. Deines"), who completed a mental assessment form on June 10, 201.  AR at 3886-88.

5

In connection with her disability benefits applications, Plaintiff underwent consultative internal medicine examinations by Gilbert Jenouri, M.D. ("Dr. Jenouri"), on January 6, 1015, AR at 569-72, on April 21, 2017, AR at 2512-15, on February 21, 2018, AR 3438-41, psychologist Sara Long, Ph.D. ("Dr. Long"), on January 6, 2015, AR at 565-68, and February 21, 2018, AR at 3433-36, neuropsychological evaluation by psychologist Christopher Yanusas, Ph.D. on May 20, 2016, AR at 1102-06, psychologist Amanda Slowick, Ph.D. ("Dr. Slowick"), for consultative psychiatric evaluation on April 21, 2017, AR at 2504-09, and State agency psychological consultant J. Dambrocia, Ph.D. ("Dr. Dambrocia"), on April 27, 2017, AR at 1234-36.

## DISCUSSION

### 1.      Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.

2012) (internal quotation marks and citation omitted).  "Substantial evidence is more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's

function to make a *de novo* determination as to whether the claimant is disabled; rather,

"the reviewing court is required to examine the entire record, including contradictory

evidence and evidence from which conflicting inferences can be drawn" to determine

whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has

instructed . . . that the factual findings of the Secretary,[5] if supported by substantial

evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

In short, the issue is not whether substantial evidence supports the claimant's argument,

but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B. v.*

*Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original).   "Under this 'very

deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if

a reasonable factfinder would *have to conclude otherwise*.'"  *Id*., 523 Fed.Appx. at 58-59

(quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics

in original).

## 2.    Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI

benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable

regulations set forth a five-step analysis the Commissioner must follow in determining

eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v.*

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

*Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.

1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).
The burden of proof is on the applicant for the first four steps, with the Commissioner
bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and
416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need
not be addressed because if the claimant fails to meet the criteria at either of the first
two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if
the claimant meets the criteria for the third or fourth step, the inquiry ceases with the
claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, ALJ Romeo found Plaintiff met the insured status requirement
for SSDI through December 31, 2019, AR at 1113, has not engaged in substantial
gainful activity since June 5, 2014, her alleged disability onset date ("DOD"), *id*., and
suffers from the severe impairments of Arnold Chiari malformation status post
decompression surgery, chronic headaches, chronic kidney disease state 3, left internal
carotid artery occlusion, obstructive sleep apnea, osteoarthritis of the lumbar spine,
obesity, neck and back pain with right lower extremity radicular symptoms, arthritis and
tenosynovitis of the right ankle and foot, depressive disorder, and anxiety disorder, *id*. at
1114, but that based on evidence in the record, Plaintiff's other impairments including
Plaintiff's restless leg syndrome, and fatty liver disease which are controlled with
medication, and hyperparathyroidism, para-opthalmic aneurysm, gastroeophageal reflux
disease ("GERD"), constipation, and tobacco dependence, all conditions for which
Plaintiff did not seek treatment, caused no more than minimal limitations on Plaintiff's
ability to work and are thus non-severe, *id*., and that Plaintiff does not have an
impairment or combination of impairments meeting or medically equal to the severity of

9

any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 1115-16.

Despite her impairments, ALJ Romeo found Plaintiff retains the RFC to perform light

work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except she can

occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, can

never climb ropes, ladders, and scaffolds, can never be exposed to high, exposed

places or moving mechanical parts, can occasionally operate foot controls with the right

lower extremity, occasionally be exposed to weather, extreme heat, extreme cold,

wetness, humidity, vibration, and atmospheric conditions, can tolerate a moderate noise

intensity level, can tolerate occasional exposure to light brighter than typically found in

an indoor work environment such as in an office or retail store, can understand,

remember and carry out simple instructions and make simple work related decisions,

can work at a consistent pace throughout the workday but not at a production rate pace

where each task must be completed within a strict time deadline, can tolerate a low

level of work pressure defined as work not requiring multitasking, detailed job tasks,

significant independent judgment, very short deadlines, can balance on level surfaces

while standing and walking but never on narrow, slippery or erratically moving surfaces,

would need an option to alternate to sitting for three minutes after every 30 minutes of

standing or walking, and can remain on task while sitting.  AR at 1116-24.  The ALJ also

found Plaintiff is capable of performing her PRW as a data entry clerk and eligibility

worker, AR at 1124, and, alternatively, given Plaintiff's age, limited education, ability to

communicate in English, and without regard to the transferability of any skills from her

PRW, other jobs exist in significant numbers in the national economy which Plaintiff can

perform including as a price marker, routing clerk, and a photocopy machine operator.

10

AR at 1124-25.  Based on these findings, ALJ Romeo determined Plaintiff is not disabled as defined under the Act.  *Id*. at 1125-26.

Plaintiff argues in support of judgment on the pleadings that ALJ Romeo failed to properly assess Plaintiff's ability to maintain acceptable levels of work pace and attendance, Plaintiff's Memorandum at 17-23, improperly weighed the opinion evidence, *id*. at 23-24, erred in concluding Plaintiff can perform PRW, *id*. at 24, and that the determination at step five of the sequential analysis is not supported by substantial evidence.  *Id*. at 25.  In opposition, Defendant argues ALJ Romeo properly determined Plaintiff's RFC, Defendant's Memorandum at 14-22, properly weighed all medical opinions, *id*. at 22-24, any error at step four that the Plaintiff could perform PRW is harmless because ALJ Romeo alternatively properly found that other work that Plaintiff can perform exists in significant numbers in the national economy, *id*. at 24, and because Plaintiff failed to show any defect in ALJ Romeo's RFC determination, Plaintiff's argument that the hypothetical posed to the VE regarding Plaintiff's ability to maintain concentration, persistence and pace, is likewise without merit.  *Id*. at 24-25.  In reply, Plaintiff argues Defendant, by failing to address the arguments Plaintiff raises, effectively concedes such points.  Plaintiff's Reply at 1-3.  There is no merit to Plaintiff's arguments.

With regard to Plaintiff's argument that ALJ Romeo failed to properly assess Plaintiff's ability to maintain acceptable levels of work pace and attendance, Plaintiff's Memorandum at 17-23, which Defendant disputes, Defendant's Memorandum at 14-22, Plaintiff particularly focuses on the opinions rendered by several of Plaintiff's treating providers, including NP Adler-Gribble, Dr. Deines, and Dr. Hodder, as well as the

consultative opinion of Dr. Yanusas, each opining that Plaintiff would be off task or absent beyond employer tolerances based on Plaintiff's fatigue, pain, dizziness, memory problems, cognitive difficulties and balance issues.  According to Plaintiff, because such opinions are uncontradicted by other medical evidence, ALJ Romeo rejection of such opinions was error.  Plaintiff's Memorandum at 19 ("a circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion.") citing cases)); Plaintiff's Reply at 1-2 (same).

Preliminarily, regardless of the sources of any opinion regarding whether Plaintiff, despite her impairments, can perform gainful employment, the ultimate issue of disability is a non-medical issue that is reserved to the Commissioner.  20 C.F.R. §§ 404.1527(d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . ."); 416.927(d)(3) (same).  As such, ALJ Romeo was not bound to accept any particular opinion.  Further, "'the opinion of a treating physician is not binding if it is contradicted by substantial evidence, and the report of a consultative physician may constitute such evidence.'"  *Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)).   In the instant case, ALJ Romeo's determination that Plaintiff was only mildly impaired with regard to her ability to concentrate, persist or maintain pace based on distractibility attributed to physical pain, AR at 1115-16, is supported by substantial evidence in the record.

In particular, in assessing the impact of Plaintiff's impairments on her ability to function on a regular basis, ALJ Romeo relied on the opinions of consultative

12

psychologists Dr. Long and Dr. Slowik, as well as on Plaintiff's treating neurologist Dr.

Meyer.  AR at 1122-23.  In particular, both Drs. Long and Slowik found Plaintiff with mild

or no limitations in the areas of maintaining concentration, persistence and pace.

Specifically, after examining Plaintiff on both January 6, 2015 and February 21, 2018,

Dr. Long found Plaintiff with "intact" attention and concentration, and opined Plaintiff

"was able to maintain attention and concentration and is able to maintain a regular

schedule."  AR at  564-68, 3433-37.  Similarly, on April 21, 2017, Dr. Slowik examined

Plaintiff and assessed Plaintiff's attention and concentration as "mildly impaired due to

the claimant's distractibility secondary to physical pain," opining Plaintiff's "ability to

sustain concentration and perform a task at a consistent pace is mildly to moderately

limited.  Difficulties are caused by distractibility secondary to pain and depression."  AR

at 2504-10.  Further, ALJ Romeo considered that Dr. Meyer, with whom Plaintiff

established a treating relationship on May 31, 2018, repeatedly found Plaintiff with

normal cognition and memory, and recall, even opining neither Chiari malformation nor

the "minimal aneurism" was the source of Plaintiff's headaches, attributing Plaintiff's

headaches to "an opioid rebound effect" and advised Plaintiff to "wean" off using

opioids.  AR at 1123 (citing AR at 3817, 3828, 3849, 3856, 3861-62).  Although ALJ

Romeo further observed the findings of Dr. Meyer contradicted the findings of Dr.

Yanusas, AR at 1123, the Second Circuit instructs that in reviewing the Commissioner's

decision, the court will "defer to the Commissioner's resolution of conflicting evidence."

*Cage v. Commissioner of Social Security*, 692 F.3d 118, 122 (2d Cir. 2012).  *See also*

*McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more

than one rational interpretation, the Commissioner's conclusion must be upheld.") (citing

*Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)).  Accordingly, ALJ Romeo's

determination that Plaintiff's attention and concentration are only mildly impaired is

supported by substantial evidence in the record and there is no merit to this argument.

Nor is there any merit to Plaintiff's argument, Plaintiff's Memorandum at 23-24,

that ALJ Romeo improperly weighed the opinion evidence, which Defendant disputes.

Defendant's Memorandum at 22-24.  In support of this argument, Plaintiff particularly

maintains ALJ Romeo improperly discounted the opinions of Plaintiff's treating providers

NP Adler-Gribble, Dr. Deines, and Dr. Hodder, asserting ALJ Romeo failed to evaluate

the opinions from such providers in accordance with the so-called "treating physician's

rule."  Plaintiff's Memorandum at 23-24.

Under the "treating physician rule," for disability benefits claims filed, like the

instant claim, prior to March 27, 2017, an opinion from a treating medical source is

entitled to controlling weight so long as the "opinion on the issue(s) of the nature and

severity of [the claimant's] impairment(s) is well-supported by medically acceptable

clinical and laboratory diagnostic techniques and is not inconsistent with the other

substantial evidence in [the] case record...."  20 C.F.R. §§ 404.1527(c)(2),

416.927(c)(2).  *See Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed. Appx. 34, 35 (2d

Cir. 2017) (treating physician's opinion generally entitled to controlling weight when

"well-supported by medically acceptable clinical and laboratory diagnostic techniques

and [ ] not inconsistent with other substantial evidence in the case record.") (citations

omitted).  Where, however, an ALJ discounts a treating physician's opinion, the ALJ

must set forth "good reasons" for doing so.  *Burgess v. Astrue*, 537 F.3d 117, 129 (2d

Cir. 2008) (citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)).  The failure to

provide good reasons for rejecting a treating physician's opinion is grounds for remand. *Halloran*, 362 F.3d at 33 ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician opinion and we will continue remanding when we encounter opinions from ALJ's [*sic*] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."). Further, the opinion of a treating physician is entitled to significant weight where it is supported by medical evidence in the record, and to controlling weight where it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Treating physician opinions, however, are not determinative and are granted controlling weight only when they are not inconsistent with other controlling evidence. 20 C.F.R. §§ 404.1527(d), 316.927(d); *Halloran*, 362 F.3d at 32 (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). *See Genier v. Astrue*, 298 Fed.Appx. 105, 108 (2d Cir. 2008) ("If the treating physician's opinion is well-supported by other medical evidence, then it is given controlling weight." (citing 20 C.F.R. 416.927(d)(2))).

In the instant case, as discussed above, Discussion, *supra*, at 12-13, ALJ Romeo's determination that the opinions of NP Addler-Gribble, and Drs. Deines and Hodder are inconsistent with the opinions of Drs. Long, Slowik, and Meyer is supported by substantial evidence in the record. Significantly, not only is a treating physician's opinion not binding where contradicted by other substantial evidence in the record, but the ALJ is permitted to rely on the opinion of a consultative examiner provided the opinion is supported by and consistent with other evidence in the record. *See Camille*,

652 Fed.Appx. at 28 (consultative physician's report may constitute substantial evidence).  Further, the ALJ does not err by failing to adopt a consultative examining physician's conclusions in determining the claimant's RFC where the physician's findings were inconsistent with other contemporaneous medical records.  *Pellam v. Astrue*, 508 Fed.Appx. 87, 90 (2d Cir. 2013).  Relevantly, Dr. Meyer, with whom Plaintiff established a treating relationship on May 31, 2018, repeatedly found Plaintiff with normal cognition and memory, and recall, and opined neither Plaintiff's Chiari malformation nor Plaintiff's "minimal aneurism" was the source of Plaintiff's headaches, and that such source was caused by opioid medications which Dr. Meyer advised Plaintiff to stop using.  AR at 3817, 3828, 3849, 3856, 3861-62.  Moreover, as to the opinions of Drs. Long and Slowik, the report of a consultative psychologist may also constitute substantial evidence.  *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d Cir. 2011).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).  Accordingly, Plaintiff's argument that ALJ Romeo failed to properly weigh the medical opinion evidence fails.

Insofar as Plaintiff argues ALJ Romeo erred in concluding Plaintiff can perform PRW, Plaintiff's Memorandum at 24, as Defendant maintains, Defendant's Memorandum at 24, any error at step four that the Plaintiff could perform PRW is harmless because ALJ Romeo alternatively properly found that other work that Plaintiff can perform exists in significant numbers in the national economy.  Nor is there any merit to Plaintiff's argument that the ALJ's determination at step five of the sequential analysis is not supported by substantial evidence, Plaintiff's Memorandum at 25, because, as

16

Defendant argues, Defendant's Memorandum at 24-25, Plaintiff's argument that the hypothetical posed to the VE is not supported by substantial evidence in the record is rendered moot by Plaintiff's failure to show any defect in ALJ Romeo's RFC determination on which the hypothetical is based.  *See McIntyre*, 758 F.3d at 151 (ALJ is permitted to rely on VE's testimony regarding the existence of jobs that can be performed so long as the hypothetical posed to the VE is supported by the RFC).

To summarize, in the instant case, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including ALJ Romeo's decision that Plaintiff is not disabled under the Act.  *See McIntyre*, 758 F.3d at 149 ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" (quoting *Brault*, 683 F.3d at 448 (italics in original)).  Further, the Supreme Court recently reaffirmed that the threshold for substantial evidence "is not high . . . .  It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, __ U.S. __; 139 S.Ct. 1148, at 1154 (2019) (internal citation and quotation marks omitted).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).  Despite the possibility of an alternate interpretation, in this case, the record provides substantial evidence to sustain ALJ Romeo's decision.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion

(Dkt. 11) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 29th, 2021
            Buffalo, New York